O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZ M. HOFMANN, PH.D. and | § | |
| LMH ASSOCIATES, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5226 |
| | § | |
| ENDOVASC, LTD., INC., | § | |
| ENDOVASC, INC., DAVID P. | § | |
| SUMMERS, PH.D., and | § | |
| M. DWIGHT CANTRELL, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiffs Lorenz M. Hofmann, Ph.D.'s and LMH Associates, Inc.'s Second Motion to Dismiss (Document No. 38), challenging "Defendant's First Amended Counterclaim" (Document No. 34). Defendants Endovasc, Ltd., Inc. and Endovasc, Inc. have not filed a response and, in accordance with Local Rule 7.4, the motion is deemed unopposed. After having reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

I. Background

The background for this suit and identities of the parties may be found in the Court's Memorandum and Order entered August 13, 2004 (Document No. 28). By that Order, the Court found that

Defendant Endovasc, Ltd., Inc.'s ("Endovasc")[1] fraud counterclaim against Plaintiff Lorenz M. Hofmann, Ph.D. ("Dr. Hofmann") failed to satisfy the heightened pleading requirement imposed by Federal Rule of Civil Procedure 9(b).  See Document No. 28 at 5-6.  Accordingly, the Court conditionally granted Dr. Hofmann's motion to dismiss, and ordered that Defendant Endovasc, Ltd., Inc.'s counterclaim would be dismissed pursuant to Rule 9(b) unless, within fourteen days after the date of the entry of the Order, Defendant filed an amended counterclaim that set forth with particularity its allegations of fraud against Plaintiff.  Id.  On September 7, 2004, Defendant Endovasc, Inc. filed "Defendant's First Amended Counterclaim."  See Document No. 34.[2]  Believing the First Amended Counterclaim failed to cure the deficiencies of the Original Counterclaim, Plaintiffs again moved for dismissal under Rule 9(b).  See Document No. 38.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In considering

---

[1] Defendants have represented that Endovasc, Ltd., Inc. "was merged into Endovasc, Inc."  See Document No. 13 ¶ 30.

[2] Dr. Hoffman notes that presumably, "it is Endovasc, Inc.'s contention that Endovasc, Inc. is the successor corporation of Endovasc, Ltd., and has filed its counterclaim in that respect."  See Document No. 38 at 2 n.1.

2

a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

"The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977). Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the movant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).

Pursuant to Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

stated with particularity." FED. R. CIV. P. 9(b). While what constitutes "particularity" differs with the facts of each case, Rule 9(b) minimally requires that the plaintiff allege "the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent," Herrmann Holdings Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002), otherwise referred to as the "who, what, when, where, and how" of the alleged fraud. United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997). The "how" requirement of Rule 9(b) "does not require pleading the reasons a defendant committed the alleged fraud, but instead the reasons the conduct complained of is fraudulent." United States ex rel. Wilkins v. North Am. Constr. Corp., 173 F. Supp. 2d 601 (S.D. Tex. 2001) (Rosenthal, J.) (citing Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir. 1997)). In addition, "although scienter may be averred generally," Rule 9(b) "requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1068 (5th Cir. 1994).

### III. Discussion

The fraud claim in Endovasc's First Amended Counterclaim is virtually identical to the fraud claim in its Original

4

Counterclaim.  *Compare* Document No. 34 ¶¶ 1, 5 *with* Document No. 13 ¶¶ 30, 34.  Endovasc continues to allege that Dr. Hofmann "represented he could aid and assist Endovasc, Inc. in the development of its projects when he could not" and "repeatedly advised Endovasc, Inc. to take actions that allegedly would assist in the development of the projects but in truth and in fact created problems, difficulties, delays and additional expenses and damages to the projects," but adds the following new allegations:

> Dr. Hofmann made representations of material fact, which Dr. Hofmann knew at the time he made them that such representations were false and/or misleading.  Dr. Hoffman also knew that Endovasc was relying on Dr. Hofmann's alleged expertise and Dr. Hofmann knew that Endovasc would rely and act upon these representations. Dr. Hofmann further made assurances with regard to the services provided to Endovasc, which proved to be false and misleading and were made for the purpose of inducing Endovasc into paying Dr. Hofmann for his services. Endovasc's reliance on such misrepresenations were to it's [sic] detriment and caused it to expend an excessive amount of money to Dr. Hofmann for services that were not commensurate with the services promised and paid.

Document No. 34 ¶¶ 1, 5.  Again, however, Defendant has failed to plead both the time and place of the alleged false representations, as well as the person(s) at Endovasc to whom these representations were made.  Moreover, Endovasc fails to set forth any specific facts that support an inference of fraudulent intent.  Because Endovasc has already been granted an opportunity to replead its fraud claims, and because its pleadings are still deficient, Endovasc's fraud claims against the Dr. Hoffman will be dismissed.

IV.   Order

Accordingly, it is

ORDERED that Plaintiffs Lorenz M. Hofmann, Ph.D.'s and LMH Associates, Inc.'s Second Motion to Dismiss (Document No. 38) is GRANTED, and Defendant Endovasc, Inc.'s and/or Endovasc, Ltd., Inc.'s fraud counterclaim against Dr. Hofmann is DISMISSED with prejudice.  Plaintiffs shall have ten (10) days after the entry of this Order to file an answer or other responsive pleading to the remaining claims in Defendant's First Amended Counterclaim.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas, on this 25th day of April, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE